THE UNITED STATES' DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PRECIOUS OKEREKE, ET AL. ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> URBAN EDGE PROPERTY MANAGEMENT; ) <br> ) <br> JUDGE STEPHEN PIERCE – MASSACHUSETTS' ) <br> BOSTON HOUSING COURT AND ) <br> ) <br> JUDGE KENNETH NASIF – MASSACHUSETTS' ) <br> BOSTON HOUSING COURT - ) <br> Defendants ) | NUMBER: <br><br> 04-11991 GAO |

**PLAINTIFFS' APPLICATION FOR PROHIBITION ORDER TO EXECUTE EVICTION ON THURSDAY – SEPTEMBER 16TH – 2004 AT 9.00 A.M.**

01)   That the Plaintiff is an United States' citizen residing at 106F Minden, #3, since August 28, 1998 with her family members.

02)   That there were rent arrearages and the first Defendant took the Plaintiffs to the Massachusetts' Boston Housing Court, Boston, Massachusetts and on July 15th, 2004 there was a memorandum of understanding to resolve the arrearages' problem by an initial payment of $2,500.00 and the Plaintiffs complied with the Mediation Agreement with a certified check.

03)   That the first Defendant had no basis for reneging from the Mediation Agreement on the allegation that the Plaintiffs' violated the Mediation Agreement when it was not so.

04)   That the payment was not made on July 31st, 2004, because it was a Saturday and 1st August – 2004 was a Sunday. The Plaintiffs made the payment on 4th, which matched with the three-day mailing rule according to the Massachusetts' Rule of

Civil Procedure 6 and that applied to the Federal Rule of Civil Procedure with a post-dated check of $2,500.00 and due on August 20th, 2004.

05) The first Defendant proceeded to the Boston's Housing Court and dubiously procured Execution Order and the Judges, who were Defendants to the case without a grain of respect to Equal Protection and Due Process Clauses granted and re-granted the first Defendant the Eviction Order.

06) That the second Defendant who granted the Order had no **jurisdiction** over the case, because it was issued despite the Plaintiffs' Motion for Disqualification and his Order was VOID and not VOIDABLE.

07) That the second Defendant violated the law to preside over his own cause – refused to allow a neutral Judge to hear the Plaintiffs' Motion for Disqualification.

08) That the third Defendant presided over the Plaintiffs' Motion To Recall Eviction Order without any form of respect to the substantive constitutional rights of the Plaintiffs' – Equal Protection and Due Process.

09) That the Plaintiffs were discriminated against at the Boston's Housing Court, therefore, the **Eviction Order** due on Thursday – September 16th – 2004 should be STAYED with immediate effect pending the Court's neutral examination of the proceedings' surrounding circumstances before the Court.

_____
PRECIOUS OKEREKE,
Pro Se,
106F Minden Street #3,
Jamaica Plain – MA 02130.
Telephone Number: (617) 524 8735

Dated: Tuesday – September 14th – 2004.