UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRECIOUS OKEREKE, | ) <br> ) <br> ) |
| v. | ) C.A. No. 04-11991-GAO <br> ) |
| URBAN EDGE PROPERTY <br> MANAGEMENT, INC.; <br> JUDGE STEPHEN PIERCE, <br> Massachusetts Boston Housing Court; <br> and JUDGE KENNETH NASIF, <br> Massachusetts Boston Housing Court <br>           Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

O'TOOLE, J.

## MEMORANDUM AND ORDER

For the reasons stated below, the request for injunctive relief is denied and this action is remanded.

## BACKGROUND

On September 15, 2004, Precious Okereke, a resident of Jamaica Plain, Massachusetts, filed a Notice of Removal and an application for an order preventing her eviction. She seeks to remove a state court eviction proceeding brought by her landlord, Urban Edge Property Management, against her in Boston Housing Court to this Court and also names two judicial officers of that court as defendants. Okereke claims that she was discriminated against because her landlord refused to accept a payment towards her back rent and instead sought her eviction. Petition, p. 1-3. She further claims that Judge Pierce, the presiding judge over the eviction proceedings, lacked jurisdiction over the claims, and that when she challenged her eviction notice again in Boston Housing Court, Judge Nasif, another judicial officer, wrongly affirmed the eviction notice. Id. at p. 3-6.

Okereke has filed an application to prevent her eviction which is apparently scheduled to take place on Thursday, September 16, 2004 at 9:00 am.  Docket No. 2.

## ANALYSIS

I. Okereke Has Not Alleged
A Sufficient Basis For Removal

Under 28 U.S.C. § 1447(c), this Court may examine a notice of removal to determine if removal is proper.  If it appears that this Court lacks subject-matter jurisdiction, the Court must issue an order for summary remand.  28 U.S.C. § 1447(c); Adorno Enters., Inc. v. Federated Dep't. Stores, Inc., 629 F. Supp. 1565, 1567 (D. R.I. 1986) (§ 1447(c), which authorizes court to dismiss for lack of subject-matter jurisdiction, requires district court to act sua sponte where appropriate); cf. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 229 (1990) (stating that "federal courts are under an obligation to examine their own jurisdiction").

A. Section 1441

Section 1441 provides that defendants in

> any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Only actions that could originally have been brought in federal district court may be removed under Section 1441.  Jefferson County v. Acker, 527 U.S. 423, 430-431 (1999); accord City of Boston v. Smith & Wesson, 66 F. Supp. 2d 246, 248 (D. Mass. 1999)

2

(same). Thus, in order for this action to be removed under Section 1441, this Court must either have (1) federal question or (2) diversity subject-matter jurisdiction over the housing court action. See 28 U.S.C. § 1441; 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction).

    1.    <u>Federal Question Jurisdiction Does Not Exist</u>

"Federal question" cases are civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order for federal question jurisdiction to exist, a right or immunity created by the Constitution, a treaty, or some meaningful aspect of federal law that is claimed to provide the basis for bringing the state court case into the federal system by way of removal must be an essential element of the <u>plaintiff's</u> properly pleaded claim for relief. <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 391 (1987). Under this "well-pleaded complaint" rule, the federal question must be presented on the face of the plaintiff's complaint as it stands at the time the notice of removal is filed. <u>See id.</u>

Okereke has not submitted the original complaint filed by the plaintiff as part of her notice of removal as required by Section 1446. 28 U.S.C. § 1446. However, it is clear from the documents submitted by plaintiff that no federal question is presented. Although Okereke challenges the fairness of the proceedings in state court, and cites provisions of the Fair Housing Act and the Civil Rights Act, her claims can only amount, at most, to defenses in the state court eviction proceedings, and cannot be considered in determining jurisdiction over the removal petition. <u>Caterpillar</u>, 482 U.S. at 393. Because no federal question exists, this Court does not have jurisdiction over the state court eviction

3

proceedings under 28 U.S.C. § 1331.  See Anderson v. Chamberlain, 134 F. Supp. 2d 156, 162 (D. Mass. 2001) (remanding case for lack of federal-question jurisdiction).

    2.  Diversity Jurisdiction Does Not Exist

District courts also have original jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Diversity jurisdiction has two components:  (1) a dispute between citizens of different states and (2) an amount in controversy in excess of $75,000.  28 U.S.C. § 1332(a).

Diversity of citizenship does not exist here because it appears that all of the parties are citizens of Massachusetts.[1]  Diversity jurisdiction requires complete diversity:  the citizenship of each plaintiff must be diverse from each defendant.  Caterpillar, 519 U.S. at 69.  Because diversity jurisdiction does not exist, this Court does not have diversity jurisdiction under 28 U.S.C. § 1332 and this action is not properly removable under Section 1441.  Northeast Federal Credit Union v. Neves, 837 F.2d 531, 533 (1st 1988) (vacating and directing district court to dismiss, no diversity jurisdiction existed); see Sopena v. Colejon Corp., 920 F. Supp. 259, 261 (D. P.R. 1996) (remanding, in part, due to insufficient allegations of diversity); cf. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941) (removal statute is strictly construed).

---

[1] As presiding judicial officers, Judges Pierce and Nasif were not, of course, plaintiffs in the housing court action, and thus neither their citizenship nor the claims that Okereke asserts against them may be considered for purposes of determining whether subject-matter jurisdiction exists.  Cf. Pierson v. Ray, 386 U.S. 547, 553-554 (1967) (absolute judicial immunity protects integrity of judicial process); Allard v. Estes, 292 Mass. 187, 189-190, 197 N.E. 884, 886 (1935) (stating that it is "too well settled to require discussion, that every judge, whether of a higher or lower court, is exempt from liability to an action for any judgment or decision rendered in the exercise of jurisdiction vested in him by law.").

B. Section 1443

Section 1443 states that:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

In order to remove an action under that Section 1443(1), a party must demonstrate that the right allegedly denied him (1) "arises under a federal law providing for specific civil rights stated in terms of racial equality" and that (2) he cannot enforce that specified civil right in state courts. Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (citations omitted). Oekereke stumbles on the first prong of this test because she has not alleged that the rights at issue in the state court case are civil rights stated in terms of racial equality, as opposed to her general claims of "discrimination," and she thus has not established that Section 1443(1) applies. Water's Edge Habitat, Inc. v. Pulipati, 837 F. Supp. 501, 504-505 (E.D.N.Y.1993) (tenants' claim that state court discriminated against them based on familial status did not arise under federal law providing for specific civil rights stated in terms of racial equality; challenged activity on its face must discriminate in terms of race); see also City of Greenwood v. Peacock, 384 U.S. 808, 832 (1966) (absent an unequivocal deprivation of a federal right in terms of racial equality, remedy for adverse verdict that

5

denies a defendant's federal rights is appellate review, not removal); Holmes Group, Inc. v. Vornado Air Circulation, 535 U.S. 826, 831-832 (2002) (a counterclaim which appears as part of the defendant's answer cannot serve as the basis for federal question jurisdiction). Nor has Okereke pointed to any fact demonstrating that she cannot enforce any specified federal right in state court. (allegation that a defendant will be "denied or cannot enforce" specific federal right in the state normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision) Johnson v. Mississippi, 421 U.S. at 219 accord Akhlaghi v. Berry, 294 F. Supp. 2d 1238, 1242-1243 (D. Kan. 2003) (remanding; defendants did not point to any state law that might preclude them from enforcing their federal rights in state court to deny them their federal rights under 42 U.S.C. § 1982 or the Fair Housing Act).

In order to remove an action under 1443(2), a party must be a federal officer or agent who is affirmatively executing duties under any federal law providing for equal civil rights. Peacock, 384 U.S. at 832. Because Okereke does not allege, nor does she appear to be, a federal officer affirmatively executing duties under a federal equal civil rights law, she has not established that Section 1443(2) applies. See Peacock, 384 U.S. at 832.

II. The Request For Injunctive Relief

Because I am remanding this action for lack of subjective-matter jurisdiction, Okereke's request for a temporary restraining order must be denied. Cf. Vasquez v. Reno, 233 F.3d 688, 697 (1st Cir. 2000) (district court ought not to have acted on the merits of petition where court lacked jurisdiction); New Comm Wireless Servs., Inc. v.

Sprintcom, Inc., 287 F.3d 1, 13 (1st Cir. 2002) (request for injunctive relief may be denied for failing to demonstrate a likelihood of success standing alone).

CONCLUSION

ACCORDINGLY, this action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to Boston Housing Court.

The Clerk is directed to send a certified copy of the record in this case to Boston Housing Court and to enter on a separate document a final judgment as follows: "This case is remanded to the court from which it was removed."

SO ORDERED.

Dated at Boston, Massachusetts, this 15th day of September, 2004.

s/ George A. O'Toole, Jr.<br>GEORGE A. O'TOOLE, JR.